DECISION
This matter is before the Court on Respondent's Motion to Dismiss the Petitioner's Petition to Enforce Mechanics Lien. Respondent also requests that this Court order the release of the Notice of Intention to Do Work or Furnish Materials or Both recorded on March 20, 1998 by Petitioners against property owned by Respondent. This Court finds that the present issues in dispute are more appropriate for resolution at trial and hereby denies Respondent's Motion and request to release the Notice of Intention.
Facts/Travel
The Respondent, Janet Monaghan, contracted with the Petitioner, Jalex Builders, Inc. for the construction of a single family home on Respondent's property. Said parcel is located on America's Cup Way in Jamestown, Rhode Island (Tax Assessor's Plat 2, Lot 137). It is the testimony of the parties that at the time of the contractual arrangement all invoked held the belief that Plaintiff was duly registered with the Rhode Island Contractors Registration Board. In fact, Raymond Degidio, Jalex's president, had been registered as a sole proprietor prior to the incorporation of Jalex's Builders Inc. Mr. Degidio testifed that until the Respondent brought the issue to his attention, he was under the belief that the mere act of incorporanng would automatically transfer his existing registration number from his sole proprietorship to the corporation.
The issue of Jalex's registration did not arise, however, until after such time as the parties began to dispute the total amount due under the contract. The dispute unresolved, Jalex recorded in the Jamestown Land Evidence Records a Notice of Intention to Do Work or Furnish Materials or Both. The petitioner subsequently filed the present petition in this Court seeking to enforce the mechanic's lien it had asserted against the Respondent's property. The instant Motion to Dismiss timely ensued.
 Motion to Dismiss
In bringing her Motion to Dismiss, the Respondent asserts that Jalex Builders Inc. was not registered as a corporation at the time the parties entered into the construction contract. The Respondent alleges that when they entered into said contract the Petitioner intentionally misrepresented himself by assuring her that he was a duly registered contractor. Because the Petitioner's corporation was not properly registered and because "both [Petitioner's] Petition and underlying Notice of Intention are based upon deliberately false information," Respondent argues that Jalex was not entitled to attach a mechanic's lien to Respondent's property and will not suffer a substantial injustice from dismissal. Therefore, Respondent asserts, the instant matter should be summarily dismissed.
This Motion to Dismiss is primarily grounded in Respondent's interpretation of R.I.G.L. § 5-65-3 (a) and § 5-65-4. Section 5-65-3 (a) provides
 "a person shall not undertake, offer to undertake or submit a bid to work as a contractor on a structure or arrange to have work done unless that person has a current, valid certificate of registration for residential work issued by the Board. A partnership, corporation, or joint venture may do such work only if that partnership, corporation, or joint venture is registered for such work."
Section 5-65-4 states that:
 (a) A contractor may not file a lien, file a claim with the board, or bring or maintain in any court of this state a suit or action for compensation for the performance of any work on a residential structure or for the breach of any contract for work on a residential structure which is subject to this chapter, unless the contractor was:
 (1) Registered under this chapter at the time the contractor bid or entered into the contract for performance of the work unless such bid or contract predated July 1, 1990; and
 (2) Registered continuously while performing the work for which compensation is sought.
 (b) A court may choose not to apply this section, if the court finds that to do so would result in a substantial injustice to the unregistered contractor.
The Petitioner counters with the argument that Jalex's president has always been registered as a sole proprietor and the fact that the corporation was not properly registered was a simple misunderstanding. Additionally, Petitioner argues, the work for which the parties contracted was substantially completed at the time the dispute arose. Therefore, dismissal of the case at this juncture would create a substantial injustice.[1] the Petitioner admits in his memorandum to this Court that he was in error regarding his understanding of the registration process as well in his calculation of the amount of work and materials that had fallen within the 120 days before his filing the Notice of Intention. In so admitting, the Petitioner requests that the Court allow this case to go forward so that the proper amount due may be calculated and the Petitioner compensated for the labor and materials expended. Petitioner's request, like Respondent's, rests in the interpretation of the Rhode Island General laws cited herein.
After reviewing the entire record and considering oral arguments, it is the decision of this Court that the issues raised in the presentation and defense of the instant motion are more properly reserved for trial. Specifically, the effect of Petitioner's failure to properly register is one for a fact finder to contemplate. This Court reads G.L. § 5-65-4(b) as granting it discretion when faced with a situation it feels would result in substantial injustice if summarily dismissed. In so finding, the Respondent's Motion is hereby denied without prejudice.
[1] Petitioner argues that dismissal would unjustly enrich the Respondent to the extent of approximately $36,000.00.